Eastern Dist.
*March*, 1828.

## *WINTER* vs. *DONALDSONVILLE.*

APPEAL from the court of the second district.

If the petition contains sufficient matter to support the action, a continuance is improperly denied to the plaintiff [who swears the absent witness will prove all the facts alledged] on the ground of their incompetency.

PORTER, J. delivered the opinion of the court. The contest between the parties to this suit, arises out of a claim set up by the defendants, to tax a portion of the land which the plaintiff has inclosed within his plantation. They aver that it is a part of the town of Donaldsonville, and he contends it is without the incorporated limits. The judge who tried the cause in the court of the first instance, by his decree sustained the pretensions of the defendants, and the plaintiff appealed.

It appears that William Donaldson, in the year 1806, or 1807, being then owner of the land at the mouth of the La-Fourche, on which the town of Donaldsonville is now situated, had a survey made of the rural estate thus possessed by him, divided it into lots, squares, and streets, and deposited the plan in the office of the parish judge. Immediately after making this survey, he sold lots according to the designation given them in the plat, and it does not appear in evidence that any change was afterwards made by him in regard to this property, or that he even attempted to use it as a plantation.

In the year 1816, the undertakers of roads and levees obtained a judgment against Donaldson, and, in virtue of said judgment, caused to be seized and sold a portion of the land which had been previously laid off as the town of Donaldsonville.   In the sale of the sheriff to Gilbert, under whom the defendant holds the property is described as follows: "one lot of twenty-two arpents, one lot of twenty arpents, and one of eight arpents, making in all fifty superficial arpents of land, more or less; bounded on the south side by lands belonging to Walker Gilbert, on the east by lands belonging to the widow Lessard, on the west by the bayou La-Fourche, and on the north by Claiborne street, according to the plan of the town of Donaldsonville."   At the date of the sale, the land was covered with woods, and uninhabited, and a short time after Gilbert, the purchaser, inclosed nearly the whole of it, including, as well the streets as the lots, and it has remained in that situation up to the commencement of this action.   Nor is it shewn the corporation have ever since assessed the said land as subject to the town taxes, or attempted to enforce the same, until they took these steps, which induced the plaintiff to ap-

The plaintiff and appellant has, in this court, made the following points:

1. That a private individual cannot, by his own act or authority, confer the privileges of a town on his land.

2. That plaintiff's land is not included within the chartered limits of the town of Donaldsonville.

3. That, if he were, he is not bound by it: the legislature cannot, without the owner's consent, or in the mode prescribed, affect the rights of private property.

In addition to the points filed, counsel have relied, in argument, on an alleged error of the judge below, in refusing a continuance; the application for which was bottomed on an affidavit of the plaintiff, that he expected to prove by a witness who was absent, " all the matters alleged in his petition; that the land in his possession was not within the incorporated limits of the town of Donaldsonville, and was sold in block and not in lots; that it had been inclosed as a plantation since 1819, and was so in 1823, when the town of Donaldsonville was incorporated." The court was of opinion

that all the facts set forth in the affidavit were irrslevant, except those in relation to the inclosure; and the counsel for the defendants having admitted the latter, no continuance could be granted.

It appears to us the court below erred, and that the continuance should have been granted. The plaintiff swore positively he expected to prove by the witness *all the facts* alleged in his petition. If he did, it is hard to come to the conclusion they were irrelevant, for it sets out matter sufficient to enable him to recover. The cause must, therefore, be remanded for a new trial.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed,—that the case be remanded for a new trial, and that the appellee pay the costs of the appeal.